PROB 12C
(7/93)

Report Date: July 19, 2012

# United States District Court

**for the**

**Eastern District of Washington**

FILED IN THE
U.S. DISTRICT COURT
Eastern District of Washington

JUL 19 2012

JAMES R. LARSEN, Clerk
______ Deputy
Spokane, Washington

## Petition for Warrant or Summons for Offender Under Supervision

Name of Offender: Shawn W. Fitzgerald    Case Number: 2:12CR02057-001

Address of Offender: Coyote Ridge, Washington State prison

Name of Judicial Officer: The Honorable Wm. Fremming Nielsen, Senior U.S. District Judge

Date of Original Sentence: 5/16/2003

Original Offense: Unlawful Possession of Access Devices, 18 U.S.C. § 1029(a)(3)

Original Sentence: Prison - 105 Months
TSR - 36 Months    Type of Supervision: Supervised Release

Asst. U.S. Attorney: AUSA-TBD    Date Supervision Commenced: 11/22/2010

Defense Attorney: Federal Defenders Office    Date Supervision Expires: 11/21/2013

---

**PETITIONING THE COURT**

**To issue a warrant.**

The probation officer believes that the offender has violated the following conditions of supervision:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | **Mandatory Condition**: If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.<br><br>**Supporting Evidence**: Mr. Fitzgerald has failed to make regular payments toward his financial obligations as of July 25, 2011.<br><br>On November 22, 2010, Mr. Fitzgerald signed a special assessment and restitution agreement form agreeing to make $25 monthly payments toward his financial obligations starting January 2011. Mr. Fitzgerald has only made two payments toward his obligation on February 7, and May 3, 2011. |
| 2 | **Special Condition # 4**: You shall participate in a drug/alcohol aftercare treatment program, which may include testing to determine whether he has reverted to the use of drugs or alcohol, as directed by the probation officer. The defendant is to pay part or all of the cost |

of this treatment, at an amount not to exceed sixty dollars($60) per session, as deemed appropriate by the probation officer. Payments shall never exceed the total cost of urinalysis and counseling. The actual co-payment schedule shall be determined by the probation officer.

**Supporting Evidence**: Mr. Fitzgerald tested positive for amphetamine and methamphetamine on July 13, 2011.

On July 13, 2011, Mr. Fitzgerald was directed to report to the probation office and submit to a urinalysis testing. The specimen was sent to Alere Toxicology Services, Incorporated and was confirmed positive for amphetamine and methamphetamine on July 22, 2011.

3 **Special Condition # 4**: You shall participate in a drug/alcohol aftercare treatment program, which may include testing to determine whether he has reverted to the use of drugs or alcohol, as directed by the probation officer. The defendant is to pay part or all of the cost of this treatment, at an amount not to exceed sixty dollars($60) per session, as deemed appropriate by the probation officer. Payments shall never exceed the total cost of urinalysis and counseling. The actual co-payment schedule shall be determined by the probation officer.

**Supporting Evidence**: Mr. Fitzgerald failed to submit to a random urinalysis testing, as directed at Merit Resource Services (Merit) on July 20, 2011.

On July 21, 2011, the probation office was notified Mr. Fitzgerald failed to report for a random drug test at Merit. On this same day, a voice mail message was left on Mr. Fitzgerald's cellular telephone directing him to report and submit to urinalysis testing. Mr. Fitzgerald returned the call acknowledging the message left on his telephone, but failed to report as directed.

4 **Mandatory Condition**: The defendant shall not commit another Federal, state, or local crime.

**Supporting Evidence**: On July 23, 2011, Mr. Fitzgerald was arrested by the Yakima Police Department and charged with second degree possession of stolen property and second degree identity theft, Yakima County Superior Court, cause number 11-1-01049-5.

According to the arrest report, on July 23, 2011, the defendant's girlfriend called police in reference to a vehicle mistrust that had been returned. The defendant's girlfriend reported Mr. Fitzgerald had used her son's car for approximately 4 days earlier and had just returned it. She stated she believed Mr. Fitzgerald had been stealing mail again, and indicated the car was filled with items that were not in the vehicle when he took the car.

The defendant's girlfriend opened the trunk of the car for the police, which was filled with several bags and boxes. Inside the duffle bag was an envelope that contained several checks with a woman's name that the defendant's girlfriend did not recognize, and a Washington State driver's license. Also in this duffle bag was a laptop computer that belonged to the defendant.

The officer then went up to the apartment and detained the defendant. The officer asked Mr. Fitzgerald if he had been driving the vehicle for the past couple of days and he said yes. He was asked if anyone else used the vehicle and he said no. He was asked about the items in the trunk, and he shrugged his shoulders saying he did not know what was in the trunk. He was asked how the items got in the trunk and he said he did not know. He was asked if any of the items in the truck were his and he said no. The officer then took the defendant and placed him in the back of his patrol car.

The officer began removing the items from the trunk and located a locked file box. The defendant's girlfriend stated the box belonged to the defendant and showed the officer a key that was for the lock. There were also several note cards with addresses and handwritten account information. The defendant's girlfriend stated the writing looked like the defendant's writing. A clipboard was also found with a map on it.

The defendant's girlfriend gave the officer permission to search the passenger compartment. The officer located a garbage bag full of shredded paperwork, a shoe box which contained blank check stock, and an orange emergency light, commonly used by paper delivery people. The defendant's girlfriend did not recognize the light, and the defendant advised he bought the light because he was going to interview for a job at the Yakima Herald.

The defendant and evidence were transported to the police station. Once in the holding room, the officer advised there were several checks and an ID that did not belong to the defendant. The defendant was asked if there was anything else he wanted to say about how he came to be in possession of the items or where they came from. The defendant told the officer that they were probably taken from the people they belonged to. He was asked why he had them. He indicated that someone gave him the checks and he was going to hold on to them and teach people how to open a fake checking account and cash the checks. He referred to it as a "ponze scheme." The defendant could not, however, remember who gave him the checks.

The officer made contact with the owner of the driver's license. The owner of the license indicated she did not know the defendant or give anyone permission to have her license. She stated she was expecting the license in the mail and that she has a locking mailbox.

The officer also contacted the owner of the checks. She indicated she was expecting the checks via mail and that she did not know the defendant or give anyone permission to take the checks. She also said that she had a locking mailbox.

The officer went back and retrieved the keys from the defendant's girlfriend that belonged to the defendant. One of the keys was for the lock on the defendant's file box and the other one appeared to be for a mailbox.

There were 19 items tagged into evidence.

The defendant was subsequently booked into the Yakima County Jail for second degree possession of stolen property and second degree ID theft.

On August 16, 2011, Mr. Fitzgerald pled guilty to second degree possession of stolen property and second degree identity theft in Yakima County Superior Court, cause number 11-1-01049-5. The court sentenced the defendant to count 1: 19 months prison, and count 2: 14 months prison, concurrent. The court also imposed 12 months of community supervision, in addition to $1,400 in financial obligations. Mr. Fitzgerald is currently serving his sentence at Coyote Ridge, a Washington State prison, and is scheduled to be released on August 1, 2012.

The U.S. Probation Office respectfully recommends the Court issue a warrant for the arrest of the defendant to answer the allegations contained in this petition.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on: 7/19/2012

s/Jose Zepeda

Jose Zepeda
U.S. Probation Officer

---

THE COURT ORDERS

[ ] No Action
[X] The Issuance of a Warrant
[ ] The Issuance of a Summons
[ ] Other

Signature of Judicial Officer

7/19/12

Date